IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:20-CV-250

| | |
|---|---|
| JAMIE ALLEN, et al., | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER** |
| Plaintiffs, | |
| v. | |
| CHEROKEE COUNTY, et al., | |
| Defendants, | |

Plaintiffs submit the following Response in Opposition to Defendants' Motion to Sever ("Motion") [Doc. 5].

## INTRODUCTION

This is one of several cases pending before this Court involving the Defendants' use of Custody and Visitation Agreements ("CVAs") to unlawfully remove children from their parents' custody. Three other cases were filed before this one: *Hogan v Cherokee County et. al,* l:18-cv- 96; *Heaven Cordell v. Cherokee County et. al,* l:20-cv- 201, *Molly Cordell v. Cherokee County et. al,* l:20-cv-199; and *Godbold v. Cherokee County et al.*, 1:20-cv-202. Before filing this case on July 21, 2020, Plaintiffs' counsel informed Defendants' counsel that it intended to bring claims on behalf of many additional families and consulted with opposing counsel

- 1 -

on whether to file these claims as a single case or multiple cases. Plaintiffs' counsel obtained defense counsel's consent to file these new claims as a single case. Plaintiffs also joined Defendants' motion to consolidate the previously-filed cases because they involve similar circumstances.

Now, Defendants do a sudden about-face and ask the Court to sever the claims of the multiple plaintiffs in this action and to require Plaintiffs to file 20 individual lawsuits. This is wrong.

## ARGUMENT

### I. JOINDER UNDER RULE 20 IS PROPER

Fed. R. Civ. P. 20(a)(1) provides, in relevant part:

> Persons Who May Join or Be Joined. (1) Plaintiffs. Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

This Court has already held that "these cases do appear to present some common questions of law and fact" in its Order denying consolidation of four other pending cases arising from Defendants' use of Custody and Visitations Agreements ("CVAs"). [Doc. 4 at 7.]

A. <u>Rule 20 Standard</u>

Under Rule 20(a), the Court should first consider whether there is a "series of transactions or occurrences." This assessment "generally proceeds on a case by case

- 2 -

basis," *Saval* v. *BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983), with the requirements being construed liberally to promote the broadest scope of action consistent with fairness to the parties. *See Matthews Metals Products, Inc. v. RBM Precision Metal Products, Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (citing *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)).

The test "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Advamtel, LLC v. AT & T Corp.,* 105 F. Supp .2d 507, 514 (E.D.Va.2000). To be reasonably related, there must be some logical connection or relationship between the transactions or occurrences. *See Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993) ("If the phrase 'series' is to have any real meaning whatsoever, it necessarily must entail some 'logical relationship' between the specific transactions or occurrences."); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp.2d 395, 411 (S.D. W.Va. 2005) (explaining that "series of transactions or occurrences" test is "similar to the logical relationship test under [Federal] Rule 13(a).") "Absolute identity of all events is not necessary, and the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Advamtel, LLC*, 105 F. Supp.2d at 514; *see also Costanzo v. Synovus Fin. Corp.*, No. 1:10CV275, 2012 WL 2804842, at *1 (W.D.N.C. July 10, 2012) (same).

- 3 -

Case 1:20-cv-00250-MR-WCM   Document 8   Filed 10/02/20   Page 3 of 11

Here, there is a logical relationship between the claims of all Plaintiffs. Plaintiffs' theory of the case is that the Defendants avoided filing petitions in DSS court and violated Plaintiffs' due process rights by promulgating a policy, practice, and custom of using deceit and coercion to obtain the signatures of parents on CVAs that unlawfully removed children from their custody. Each of the Plaintiffs' claims in this case arose from the implementation of this policy, practice, and custom. In fact, liability of Cherokee County itself is predicated on the fact that the use of CVAs was an official policy, practice, or custom of the County and/or that the County was deliberately indifferent to the deprivation of the Plaintiffs' civil rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). Consequently, each Plaintiff has asserted a claim under 42 U.S.C. § 1983 for violation of their rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

Plaintiffs have alleged that all of their claims arose from the decision of the County and its policymakers to implement the use of the CVAs as an illegal and unconstitutional alternative to lawful judicial process. Admittedly, Defendants' decision to use a CVA for each Plaintiff was made at a different time, and the use of each CVA was its own unlawful act. However, courts have found a related series of transactions or occurrences for purposes of Rule 20 -- even when defendants have acted independently -- if the defendants have acted in concert or are

- 4 -

Case 1:20-cv-00250-MR-WCM   Document 8   Filed 10/02/20   Page 4 of 11

somehow otherwise related. *See Sanford v. Virginia*, No. 3:08cv835, 2009 WL 1765769, at *2-3 (E.D. Va. June 22, 2009) (finding that individual plaintiffs' claims for emotional distress against hospital administrators for the alleged cover-up of the circumstances surrounding decedent's death was sufficiently related to estate's claims against police officers stemming from the death where all defendants were employed by the same entity and the administrators were allegedly acting to prevent the individual plaintiffs from knowing about the rough handling by police defendants). Here, Plaintiffs' claims are premised on the repeated use of CVAs as County policy, practice, and custom.

The County policymakers' decision to implement the use of the illegal CVAs and its attempt to conceal its illegal acts are the common threads running through the claims of all Plaintiffs. This logical series of transactions or occurrences satisfies Rule 20(a).

At bottom, Rule 20's purpose is to promote judicial efficiency. "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and 'should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). Here, it makes perfect sense to allow these Plaintiffs' claims to proceed together. If they were to be litigated separately, then the same witnesses from the County and the

individual defendants would be deposed numerous times, and they would be required to respond to discovery from each plaintiff. This is inefficient. The Plaintiffs' claims should be litigated together.

B. <u>Equitably, Defendants should not be permitted to sever.</u>

Defendants have admitted that all cases involving the use of CVAs should be heard together. In fact, shortly after this action was removed to this Court, Defendants moved to <u>consolidate</u> the other, separate cases asserting claims by different plaintiffs regarding the use of CVAs. Arguing that Rule 42 required consolidation of these cases, the Defendants asserted:

> <u>It is clear that this case and Heaven Cordell, Molly Cordell, and Godbold involve several common questions. Although the damages for each plaintiff are different and the CVAs were done at different times with different social workers, all cases involve the use of the CVAs to effectuate child custody agreements in Cherokee County without court intervention. All of the CVAs were allegedly done when the affected families were being investigated by DSS, and all were allegedly done at Lindsay's bequest. There are also numerous common questions of law. For Lindsay and Palmer individually, the threshold question in all of these cases will be 1) whether the CVAs were unlawful and if so, 2) whether that was clearly established for qualified immunity purposes when the CVAs were made.</u> *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982) (qualified immunity protects government officials from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.) On December 20, 2017, after all the CVAs were entered into, DHHS notified DSS agencies that "facilitating such private custody agreements without the oversight of the Court falls outside of both law and policy." <u>Lindsay and Palmer's entitlement to qualified immunity will be an issue in all of these cases. In addition to the questions of law for Lindsay and Palmer individually, there are also</u>

<u>common questions of law regarding the liability of Cherokee County and Lindsay and Palmer in their official capacities.</u> Lindsay and Palmer were both criminally indicted for actions relating to the CVAs, and based on these indictments, there are legal questions concerning the County's liability for criminal acts for the state torts, *Medlin v. Bass*, 327 N.C. 587, 398 S.E.2d 460 (1990), and whether a county can be held responsible for unauthorized acts under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978). These Defendants also anticipate advancing sovereign immunity defenses based on insurance coverages available. The same policy exclusions will be at issue in all cases. These significant legal questions will be addressed in all of the cases.

[Doc. 46, *Hogan, et al. v. Cherokee County, et al.*, 1:18-cv-96 at 4-6 (emphasis added)].

But now Defendants argue the opposite -- that these commonalities do not warrant the cases being heard together. Instead, Defendants take the position that the claims of the Plaintiffs in this case are so different that they must be severed. The inconsistencies of Defendants' positions should equitably estop them from seeking severance.

Further, Plaintiffs are compelled to inform the Court that Plaintiffs' counsel conferred with Defendants' counsel prior to the filing of this action in state district court. At that time, Plaintiffs had already filed *Hogan, Cordell, Cordell*, and *Godbold*, and the filing of this action was imminent. In anticipation of this issue (among others) being raised, counsel conferred. No counsel for any defendant objected when presented with Plaintiffs' proposal to file this case with multiple

plaintiffs, as opposed to filing individual lawsuits on behalf of each plaintiff. Part of the reason that Plaintiffs' counsel conferred was to ascertain whether Defendants would move to sever. Hearing no objection to filing this case as a single lawsuit, Plaintiffs' counsel believed the issue had been settled and Defendants would not seek to sever the claims.

Instead, counsel's conversations concentrated on the similarities in all the actions arising from use of CVAs, and ultimately led to the parties' joint motion to consolidate this action with *Hogan*, *Godbold*, *Cordell*, and *Cordell*.

Equity and fairness demand that Defendants not be allowed to reverse their prior positions, communicated both to Plaintiffs' counsel and this Court, and now seek to sever these actions.

<u>C. If severance is granted, Plaintiffs respectfully pray that the Court waive filing fees and provide an extended period of time to file additional Complaints.</u>

Many of the Plaintiffs in this action are indigent. In fact, their indigency is part of why they were such ripe targets to be victims of Defendants' unconstitutional scheme. Further, many of the Plaintiffs are minor children and lack the ability to pay filing fees.

Plaintiffs' counsel submits that it would represent a severe hardship on these Plaintiffs for each of them to pay a $400 filing fee to this Court. Plaintiffs have already paid a $180 filing fee to the state court when the action was originally filed. Defendants then removed the case to this Court, which has a much higher filing fee.

Under these circumstances, if the Court is inclined to grant Defendants' Motion to Sever, Plaintiffs pray that the Court prospectively waive any filing fee associated with the filing of a new complaints by any Plaintiff in this action.

In addition, given the time that it will take Plaintiffs' counsel to prepare 20 new complaints, Plaintiffs respectfully request that the Court allow them 90 days following the granting of any Motion to Sever to file the new lawsuits.

## **CONCLUSION**

Defendants' Motion to Sever should be denied. Plaintiffs' claims are properly joined under Rule 20 and should remain that way. Further, Defendants' prior advocacy in favor of consolidation should foreclose their ability to seek severance of these claims.

Alternatively, if the Court grants Defendants' Motion, then Plaintiffs respectfully submit that the Court should waive filing fees for each Plaintiff forced to file a separate action. Plaintiffs also ask the Court for 90 days following the entry of any order severing the cases to file the new complaints.

Respectfully submitted, this 2nd day of October, 2020.

BY:

THE LAW OFFICES OF DAVID A. WIJEWICKRAMA, PLLC

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694

- 9 -

Case 1:20-cv-00250-MR-WCM   Document 8   Filed 10/02/20   Page 9 of 11

95 Depot Street
Waynesville, NC 28786
Phone: 828-452-5801
Fax: 828-454-1990
davidwije17@yahoo.com

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013
95 Depot Street
Waynesville, NC 28786
Phone: 828-452-5801

*Attorneys for Parent-Plaintiffs*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar No. 39579
3344 Presson Road
Monroe, NC 28112
Phone: (910) 750-2265
brandon.christian@ncleag.com

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar. No. 9619
Post Office Box 18402
Asheville, NC 28814

*Attorneys for Child Plaintiffs*

# CERTIFICATE OF SERVICE

This is to certify that on October 2, 2020, a copy of the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO PARTIAL MOTION TO DISMISS** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Cranfill, Sumner & Hartzog, L.L.P.
2907 Providence Road
Suite 200
P.O. Box 30787
Charlotte, NC 28230
704-940-3419
704-332-9994 (fax)
phf@cshlaw.com
*Attorney for Defendant Scott Lindsey in his individual capacity*

John L. Kubis, Jr
Teague Campbell Dennis & Gorham, LLP
22 South Pack Square, Suite 800
Asheville, NC 28801
828-254-4515
828-254-4516 (fax)
jkubis@teaguecampbell.com

*Attorney for Defendant Cindy Palmer in her individual capacity*

Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 South College St., Suite 3500
Charlotte, NC 28202
704 331-4992
704 338-7814 (fax)
sean.perrin@wbd-us.com

*Attorney for Defendants Cherokee County, Cherokee County DSS, Scott Lindsey in his official capacity, and Cindy Palmer in her official capacity*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar. No. 39579
3344 Presson Road
Monroe, NC 28112
Telephone: (910) 750-2265
Email: brandon.christian@ncleag.com
*Attorneys for Plaintiffs*