IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00250-MR-WCM

| | |
|---|---|
| JAMIE ALLEN, MELANIE DYER, | ) |
| NATHAN DAVENPORT, KATRINA LEDFORD | ) |
| AMANDA TIMSON, SAMANTHA TORRES, | ) |
| JESSICA FARQUHAR, JEREMY SILVERS, | ) |
| LIBBY HELMS, TESSA DORSEY (SIMONS), | ) |
| STEPHEN DOWNEY, SHERRY GARLAND, | ) |
| REGINA MANEY, TIENDA ROSE PHILLIPS, | ) |
| STEPHEN ASHE, SARAH CRAPSE, | ) |
| KELLEY WALKER, SHEENA DOCKERY, | ) |
| CAINE BURNETTE, DESIREE REILLY, | ) |
| SHALEES GREENELEE, | ) |
| DESEAN AMIR PATTERSON, | ) |
| MARTHA KILLIAN, DESMOND | ) |
| CHAMPAGNE, | ) |
| HANNAH ALLEN, PATRICIA SIMONDS, | ) |
| **P.A.,** by and through guardian ad litem | ) |
| Joy McIver, **G.A.,** by and through guardian | ) |
| ad litem Joy McIver, **J.A.,** by and through | ) |
| guardian ad litem Joy McIver, **M.D.,** by and | ) |
| through guardian ad litem Joy McIver, | ) |
| **C.D.,** by and through guardian ad litem | ) |
| Joy McIver, **K.D.,** by and through guardian | ) |
| ad litem Joy McIver, **C.A.,** by and through | ) |
| guardian ad litem Joy McIver, **L.T.,** by | ) |
| and through guardian ad litem Joy | ) |
| McIver, **A.D.,** by and through guardian | ) |
| ad litem Joy McIver, **M.C.,** by and | ) |
| through guardian ad litem Joy McIver, | ) |
| **A.C.,** by and through guardian ad litem | ) |
| Joy McIver, **J.S.,** by and through | ) |
| guardian ad litem Joy McIver, | ) |
| **S.W.,** by and through guardian ad litem | ) |
| Joy McIver, **V.W.,** by and through | ) |
| guardian ad litem Joy McIver, | ) |
| **J.D.,** by and through guardian ad litem | ) |
| Joy McIver, **A.R.,** by and through guardian | ) |

MEMORANDUM AND
RECOMMENDATION

1

ad litem Joy McIver, **J.B.**, by and through
guardian ad litem Joy McIver, **D.S.**, by
and through guardian ad litem Joy McIver,
**A.H.**, by and through guardian ad litem
Joy McIver, **J.H.**, by and through guardian
ad litem Joy McIver, **C.L.**, by and through
guardian ad litem Joy McIver,
**K.L.**, by and through guardian ad litem
Joy McIver, **L.R.**, by and through
guardian ad litem Joy McIver, **Z.A.**, by and
through guardian ad litem Joy McIver,
**E.M.**, by and through guardian ad litem
Joy McIver, **P.M.**, by and through
guardian ad litem Joy McIver, **Z.B.**, by and
through guardian ad litem Joy McIver,
**A.B.**, by and through guardian ad litem
Joy McIver, **T.P.**, by and through guardian
ad litem Joy McIver, **Da.P.**, by and through
guardian ad litemJoy McIver, **De.P.**, by and
through guardian ad litem Joy McIver, **B.S.**,
by and through guardian ad litem Joy McIver,
**Dam.W.**, by and through guardian ad litem
Joy McIver, **Dar.W.**, by and through
guardian ad litem Joy McIver,
**ERNIE CARTER**,**CHEYENNE SPICOLA**,
**J.G.**, by and through guardian ad litem
Joy McIver, **T.G.**, by and through guardian
ad litem Joy McIver, **K.C.**, by and through
guardian ad litem Joy McIver, **M.C.**,
by and through guardian ad litem Joy McIver,

          Plaintiffs,

    v.

**CHEROKEE COUNTY, NC**
**SCOTT LINDSAY**, in his official capacity
as DSS Attorney for Cherokee County,
**SCOTT LINDSAY**, in his individual capacity,
**CINDY PALMER**, in her official capacity
as Director of DSS in Cherokee County,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

CINDY PALMER, in her individual capacity, )
DONNA CRAWFORD, in her official )
capacity asDirector of DSS for )
Cherokee County, LISA DAVIS, in her official )
capacity of Director of Cherokee County )
Department of Social Services, )
                                          )
              Defendants.                 )

_____

This matter is before the Court on Defendants' Motion to Dismiss Second Amended Complaint (the "Motion to Dismiss," Doc. 11), which has been referred to the undersigned pursuant to 28 U.S.C. § 636.

The Motion to Dismiss is fully briefed, Docs. 12, 15, 18, and a hearing on the Motion was held on January 27, 2021.[1]

## I.    Procedural Background

On July 21, 2020, Plaintiffs filed a Complaint in the District Court of Cherokee County, North Carolina. Doc. 1-1.

On August 24, 2020, Plaintiffs filed an Amended Complaint. Doc. 1-1 at 222-224.

The case was removed to this Court on September 11, 2020. Doc. 1. Plaintiffs subsequently filed a Second Amended Complaint on October 6, 2020. Doc. 9.[2]

---

[1] Defendants have also filed a Motion to Sever, Doc. 13, which the undersigned has addressed by separate Order.

[2] The Second Amended Complaint incorporates by reference the Exhibits that were attached to the original Complaint. Doc. 9 at 2, n. 1.

3

## II.    Factual Background

Plaintiffs assert claims arising out of the alleged "unlawful taking of minor children by the Defendants" using "a variety of unlawful documents," titled Custody and Visitation Agreements, Powers of Attorney, Family Safety Agreements, Safety Plans, and "other similarly substantive documents and agreements" which Plaintiffs refer to collectively as CVAs.[3]  Doc. 9 ¶¶1 & 2.

Specifically, Plaintiffs' advance claims for negligence (Counts I and II), gross negligence (Count III), negligent hiring, retention, and supervision (Count IV), grossly negligent hiring, retention, and supervision (Count V), negligent misrepresentation (Count VI), negligent supervision (Count VII), grossly negligent supervision (Count VIII), actual fraud (Count IX), constructive fraud (Count X), deprivations of constitutional rights pursuant to 42 U.S.C. § 1983 and Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (Counts XI and XII), respondeat superior (Count XIII), civil obstruction of justice (Count XIV), punitive damages (Count XV), attorneys' fees (Count XVI), and injunctive relief (Count XVII).

---

[3] As the parties' briefing does not indicate there are material differences between these various types of documents, this Memorandum likewise refers to them generally as CVAs.

III.    Discussion

### A. Dismissal of Claims by Wade Walters

Defendants assert that although the body of Plaintiffs' Second Amended Complaint includes allegations by Wade Walters, Mr. Walters is not listed in the caption as a plaintiff, in violation of Rule 10(a) of the Rules of Civil Procedure. See FRCP 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties").

Plaintiffs "do not oppose Defendants' Motion to Dismiss the claim of individual plaintiff Wade Walters, as long as that dismissal is without prejudice." Doc. 15 at 24.

During the January 27, 2021 hearing, counsel for Defendants advised that Defendants have no objection to the dismissal of Mr. Walters' claims being without prejudice, though Defendants also contend that Mr. Walters' claims should be dismissed based on the statute of limitations as discussed below. See Doc. 12 at 9.

As the presentation of Plaintiffs' Second Amended Complaint raises questions as to whether claims by Mr. Walters have actually been pled, the undersigned believes that the dismissal of such claims without prejudice is more appropriate than considering them for potential dismissal on the merits

5

as being time barred, and therefore will recommend their dismissal without prejudice.

## B. Statute of Limitations

Defendants' primary argument in the Motion to Dismiss is that certain Plaintiffs' claims are untimely.

The statute of limitations "is an affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6)." Dickinson v. Univ. of N. Carolina, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)). "However, since a Rule 12(b)(6) motion aims to test the sufficiency of the complaint, and the burden of proving an affirmative defense rests with a defendant, dismissal under Rule 12(b)(6) based on the statute of limitations occurs in 'relatively rare circumstances.'" Id. (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)). "To succeed on a statute-of-limitations defense at this stage, all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" Id. (quoting Goodman, 494 F.3d at 464).

### 1. The Parties' Positions

The parties agree that a three-year statute of limitations applies to all of Plaintiffs' claims. Doc 12 at 10; Doc. 15. The parties disagree, however, as to

when Plaintiffs' claims accrued and therefore when that three-year period started to run.[4]

Defendants assert that N.C.G.S. § 1-52(5), which provides a three-year statute of limitations for "any other injury to the person…not arising on contract and not hereafter enumerated…," applies to Plaintiffs' state law claims. Under North Carolina common law, this three-year limitations period generally accrues "at the time the injury occurs[,]…even when the injured party is unaware that the injury exists[.]" Pembee Mfg. Corp. v. Cape Fear Const. Co., 313 N.C. 488, 492, 329 S.E.2d 350, 353 (1985) (citations omitted); see also Scott & Jones, Inc. v. Carlton Ins. Agency, Inc., 196 N.C.App. 290, 297-298, 677 S.E.2d 848, 853 (2009) ("A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date"); Housecalls Home Health Care, Inc. v. State, Dept. of Health and Human Services, 200 N.C.App. 66, 71, 682 S.E.2d 741, 744 (2009) ("'The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed'")(quoting Shepard v. Ocwen Fed. Bank, FSB, 172 N.C.App. 475, 478, 617 S.E.2d 61, 63 (2005) (internal

---

[4] During the January 27, 2021 hearing, Plaintiffs confirmed that none of the adult Plaintiffs in this action have alleged that the statute of limitations applicable to their claims was tolled because they were incompetent at the time they signed their respective CVAs.

7

quotation marks and citation omitted), affirmed, 361 N.C. 137, 638 S.E.2d 197 (2006)).

Specifically, Defendants argue that the three-year statute of limitations began to run for each Plaintiff on the date the CVA relevant to that Plaintiff was signed. Consequently, Defendants contend that the claims of the Plaintiffs who executed their respective CVAs prior to July 21, 2017 (i.e., three years prior to July 21, 2020, the date on which the original Complaint was filed) are time barred. It appears that the following Plaintiffs executed their respective CVAs prior to July 21, 2017: (1) Jamie Allen and Melanie Dyer; (2) Hannah Allen and Desmond Champagne; (3) Caine Burnette; (4) Nathan Davenport and Melanie Dyer; (5) Nathan Davenport and Katrina Ledford; (6) Sheena Dockery; (7) Tessa Dorsey; (8) Wade Walters and Jessica Farquar; (9) Stephen Downey and Sherry Garland; (10) Shalees Greenlee; (11) Libby Helms; (12) Martha Killian; (13) Desiree Reilly and Desean Patterson; (14) Jeremy Silvers; (15) Patricia Simonds; (16) Samantha Torres; (17) Amanda Timpson; (18) Kelly Walker; and (19) Cheyenne Spicola. In addition, Defendants seek the dismissal of the claims by Katrina Davenport (named in the Second Amended Complaint as "K.D.") and Dakota Silvers (named in the Second Amended Complaint as "D.S"), both of whom turned eighteen years of age prior to July 21, 2017. For ease of reference, the Plaintiffs whose claims are the subject of the Motion to Dismiss, with the exception of Mr. Walters, whose claims are

8

discussed in the previous section, are referred to in this Memorandum as the Subject Plaintiffs.[5]

In response, Plaintiffs rely on N.C.G.S. § 1-52(9), which provides that, "[f]or relief on the grounds of fraud or mistake, the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."  See also Jackson v. Minnesota Life Ins. Co., 275 F.Supp.3d 712, 722 (E.D.N.C. March 8, 2017) ("A cause of action for fraud accrues on the date the plaintiff actually discovered the alleged fraud, or reasonably should have discovered it in the exercise of due diligence.") (citing Vail v. Vail, 233 N.C. 109, 116, 63 S.E.2d 202, 207 (1951); Carlisle v. Keith, 169 N.C.App. 674, 683, 614 S.E.2d 542, 548 (2005)).

Specifically, Plaintiffs argue that the three-year statute of limitations for the Subject Plaintiffs' claims did not begin to run until, at the earliest, March 2018, when the Honorable Tessa Sellers, Cherokee County District Court Judge, entered a Declaratory Judgment in a separate state court action declaring CVAs, such as the ones at issue in this case, to be unlawful. Doc. 9, ¶¶65-86; see also Doc. 9, ¶149 ("Plaintiffs who were parents whose child was taken by means of a CVA became aware that Defendants' conduct was

---

[5] Defendants have not moved to dismiss the claims of the minor Plaintiffs (other than K.D. and D.S), and the adult Plaintiffs who executed CVAs after July 21, 2017 – Regina Maney and Ernie Carter, Tienda Rose Phillips and Stephen Ashe, and Sarah Crapse.

unlawful, at the earliest, when Judge Sellers declared all CVAs to be unconstitutional and illegal in March of 2018").[6]

## 2. Applicable Accrual Principles

"The appropriate statute of limitations depends upon the theory of the wrong or the nature of the injury." Bader v. Kurdys, No. 1:16-cv-294-GCM, 2017 WL 3834724, at *1 (W.D.N.C. Sept. 1, 2017) (quoting Sharp v. Teague, 439 S.E.2d 792, 794 (N.C. App. 1994) (citation omitted)). The undersigned therefore has considered Plaintiffs' claims individually.

### a. State Law Claims

The Subject Plaintiffs have asserted claims for fraud and constructive fraud. See Doc. 9 at ¶¶254-268; 269-278; ¶257 (Defendants "falsely represented" that CVAs carried the force of law, were enforceable at law, and were lawful to make); ¶271(d) (social services employees "represented themselves as acting within the law when presenting the CVAs to the Parent-Plaintiffs"). During the January 27, 2021 hearing, Defendants conceded that N.C.G.S. § 1-52(9) should apply to those claims.

---

[6] Plaintiffs have submitted a copy of this Declaratory Judgment. Doc. 1-1 at 207-221 (Exhibit "F," attached to original Complaint). In that Judgment, Judge Sellers found that the CVA at issue in that case, and "all other CVAs similar to and like this in form, content and structure…are and shall be at all times *void ab initio*." Doc. 1-1 at 221.

The Subject Plaintiffs have also asserted a claim for negligent misrepresentation. The accrual rule set forth in N.C.G.S. § 1-52(9) should be applied to that claim as well. See Jefferson-Pilot Life Inc. Co. v. Spencer, 336 N.C. 49, 56, 442 S.E.2d 316, 320 (1994) (negligent misrepresentation claim "does not accrue until two events occur: first, the claimant suffers harm because of the misrepresentation and second, the claimant discovers the misrepresentation"); Guyton v. FM Lending Services, Inc., 199 N.C.App. 30, 35, 681 S.E.2d 465, 470-471 (2009) (claims for negligent misrepresentation and fraud accrued "on the date upon which Plaintiffs initially learned the facts necessary to establish a claim against Defendant relating to the purchase of the property sounding in fraud or mistake").

With respect to the remainder of the Subject Plaintiffs' state law claims– negligence; gross negligence; negligent hiring, retention, and supervision; grossly negligent hiring, retention, and supervision; negligent supervision; grossly negligent supervision; and civil obstruction of justice – Plaintiffs allege generally that Defendants made misrepresentations regarding the legality of the CVAs and Defendants' authority to enter into the CVAs, see Doc. 9 at ¶¶145-146; ¶¶152-153; ¶156(d); see also Doc. 9 at ¶¶167 & 177; ¶183(c); ¶330(b) (alleging Defendants mispresented the legality of the CVAs to others). However, Plaintiffs have provided no controlling authority finding that the discovery rule of N.C.G.S. § 1-52(9) should be applied to these claims. See

<u>Pearson v. Gardere Wynne Sewell LLP</u>, 814 F.Supp.2d 592, (M.D.N.C. 2011) (finding plaintiffs' negligence claim time barred because "a general negligence claim governed by § 1-52(5) accrues at the time the alleged negligence occurred" but that plaintiffs' claims for fraud and negligent misrepresentation were timely because "unlike claims of general negligence...claims of fraud and negligent misrepresentation do not accrue until discovery of the facts constituting the fraud or the negligent misrepresentation"); <u>see also</u> <u>Jefferson-Pilot Life</u>, 442 S.E.2d at 319 (applying § 1-52(9) to a claim); <u>Mountain Land Properties, Inc. v. Lovell</u>, 46 F.Supp.3d 609 (W.D.N.C. 2014) (applying §1-52(9) to fraud and fraud in the inducement claims, common law accrual rule to negligence claim, and separate accrual rule to unjust enrichment claim).

Accordingly, the undersigned is persuaded that N.C.G.S. § 1-52(9) should be applied to Plaintiffs' claims of fraud, constructive fraud, and negligent misrepresentation, and that the North Carolina common law accrual rule should be applied to the remainder of Plaintiffs' state law claims.

### b. Federal Claims

Generally, a federal claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." <u>Nasim v. Warden, Maryland House of Correction,</u> 64 F.3d 951, 955 (4th Cir.1995) (citing <u>United States v. Kubrick</u>, 444 U.S. 111, 122-24 (1979)); <u>see also id.</u> ("it is critical that the plaintiff know that he has been hurt

and who inflicted the injury. Once imputed with that knowledge, the plaintiff is on inquiry notice, imposing on him a duty to inquire about the details of negligence that are reasonably discoverable") (citing United States v. Kubrick, 444 U.S. 111, 122–24, 100 S.Ct. 352, 359–60, 62 L.Ed.2d 259 (1979)); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 388-389 (4th Cir. 2014) ("Although state law determines the applicable statute of limitations for § 1983 claims, federal law governs the date on which that limitations period begins to run…'it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action' against a defendant—that is, when the plaintiff knows or has reason to know of his injury") (quoting Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)); Perry v. Pamlico County, 88 F.Supp.3d 518, 529-530 (E.D.N.C. 2015) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action").

### 3. Timeliness

The next issue is whether, applying the accrual principles and findings described above, the Subject Plaintiffs' claims are time barred.

#### a. Federal Claims and State Law Claims for Fraud, Constructive Fraud, Negligent Misrepresentation

Pursuant to N.C.G.S. § 1-52(9), the three-year period applicable to Plaintiffs' state law claims for fraud, constructive fraud, and negligent

13

misrepresentation did not begin to run until "the discovery by the aggrieved party of the facts constituting the fraud or mistake." Similarly, with respect to Plaintiffs' federal claims, the three-year period applicable to those claims did not begin to run until Plaintiffs "knew or had reason to know of [their] injury." <u>Owens</u>, 767 F.3d at 388.

As noted above, Plaintiffs allege that they did not discover the material facts concerning Defendants' misconduct until March of 2018, when Judge Sellers entered her Order. Defendants counter that using the date Plaintiffs "learned" that the children's removal was unlawful is illogical because such a rule could extend the statute of limitations for an indefinite number of years, and raise questions regarding "who" must determine illegality (<u>i.e.</u>, a state court judge, an appellate court, etc.) and with respect to which parties.

Generally, using an order entered in a separate legal proceeding as the triggering event by which a claim accrues appears problematic. <u>See e.g.</u>, <u>Hogan v. Cherokee County, et al.</u>, United States District Court, Western District of North Carolina, No. 1:18cv96-MR-WCM ("<u>Hogan</u>"), Doc. 22 at 5 (explaining that the Cherokee County District Court "did not decide anything as between the Plaintiffs and Defendants in this instant case"); <u>see also</u> <u>Howard v. Pinion</u>, No. 3:05CV205-02-MU, 2006 WL 2927196, at *4 (W.D.N.C. Oct. 10, 2006) ("since legal precedent for a claim…and a factual predicate clearly are not the same thing, the petitioner's belated discovery of [legal

precedent] cannot serve as a basis for extending his one-year limitations period. To put it another way, it is the knowledge of facts…and not actual knowledge of those facts legal significance that starts a statute of limitations to run. In sum, the petitioner's reported ignorance of the law governing his claims simply is not a valid excuse for his delay"); Miller v. Pacific Shore Funding, 224 F.Supp.2d 977, 986-987 (D.Md. 2002) ("Ignorance of the rights [the law] grants and protects does not toll the statute of limitations. If plaintiffs remain unaware of their legal rights after notice of injury, the statute of limitations sets an absolute deadline for gaining awareness"); Lewis v. Clark, 534 F.Supp. 714, 716-717 (D.Md. 1982) ("It is the awareness of the facts giving rise to the cause of action, and not the awareness that the illegality of the action is conclusively provable that begins the running of the statute of limitations").[7]

Further, other allegations in the Second Amended Complaint indicate that the three-year period for some (or all) Plaintiffs may have begun to run prior to March 2018. For example, Plaintiffs allege that the use of CVAs was "obviously illegal" and that certain Plaintiffs "incurred legal fees" when they made efforts to "get their children back." Doc. 9 at ¶119(f); ¶88 (also alleging

---

[7] Although Plaintiffs argue that they "did not know – and could not have known – that they had any legal claims until a judge declared all CVAs invalid in March 2018," Doc. 15 at 2, the fact that the legality of a CVA was considered by Judge Sellers indicates that Plaintiffs had the ability to challenge the CVAs prior to March 2018.

some parents "were told they had to hire private legal counsel and file Court papers" to get their children back).

On the other hand, Plaintiffs have also alleged that they learned the CVAs were unlawful in March of 2018, <u>see</u> Doc. 9 at ¶¶65-86, ¶149, and this allegation must be taken as true for purposes of the instant Motion to Dismiss. And significantly, in some cases, answering the question of when a potential plaintiff should have discovered an adversary's alleged fraud may be difficult at the motion to dismiss stage. <u>See</u> <u>Jordan v. Bradsher</u>, 248 N.C.App. 302, 790 S.E.2d 755 (Table) (2016) ("Ordinarily, when the evidence is not conclusive or is conflicting, the question of whether plaintiff, in the exercise of due diligence, should have discovered the facts constituting mistake (and, therefore, fraud) more than three years prior to institution of the action is for the jury") (internal citations omitted); <u>Mountain Land Properties</u>, 46 F.Supp.3d at 624 ("Ordinarily, the issue of whether a plaintiff exercised due diligence is an issue of fact for the jury to resolve based on the evidence in the record…. the Court cannot say as a matter of law based on the factual allegations in the Amended Complaint that Plaintiffs should have discovered the alleged fraud through the exercise of due diligence more than three years prior to Plaintiff bringing this action. Such a determination is more appropriate for the summary judgment stage").

Further, although Defendants rely on cases finding that a claim based on the removal of a child from a parent accrues when the child is removed, the situations presented in those cases are distinguishable. See Doc. 12 at 13 (citing, among others, Williams v. Savory, 87 F.Supp.3d 437 (S.D.N.Y. 2015) (collecting cases); Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs., 606 F.3d 301, 307 (6th Cir.2010)); see also Perry v. Pamlico County, 88 F.Supp.3d 518, 530 (E.D.N.C. Feb. 16, 2015). None of those cases involved claims that a parent was allegedly coerced or deceived into "voluntarily" giving up his or her custodial rights outside the court system. Rather, those cases involved adversarial proceedings in which the parent objected at the time of the child's removal. See e.g., Williams, 87 F.Supp.3d at 446. Plaintiffs here, while aware that the CVAs would result in a change to their parent-child custodial status, allegedly were *not* aware that the documents by which that change would be affected were improper. Instead, Plaintiffs have alleged that Defendants made affirmative misrepresentations about the legality of the CVAs, and that Plaintiffs believed Defendants' representations at the time they signed the CVAs. See Doc. 9 at ¶¶ 145-146; 152-154.[8]

---

[8] The undersigned also finds Defendants' reliance on Doe v. Roman Catholic Diocese of Charlotte, NC, 242 N.C.App. 538, 543, 775 S.E.2d 918, 922 (2015), unpersuasive. There, the court explained that "[u]nder the discovery rule, a plaintiff has a duty to exercise reasonable diligence to discover the fraud or misrepresentations that give rise to his claim" and found that the plaintiff's fraud claims against the Catholic Diocese of Charlotte based on sexual abuse allegedly committed by a priest were barred by the statute of limitations. In so holding, the court explained that the

In sum, considering Plaintiffs' allegations in the light most favorable to Plaintiffs, the undersigned is not persuaded that "all facts necessary" to dismiss the Subject Plaintiffs' state law claims for fraud, constructive fraud, and negligent misrepresentation, as well as the Subject Plaintiffs' federal claims, as time barred "clearly appear 'on the fact of the complaint.'" Dickinson, 91 F.Supp.3d at 763; Guyton, 199 N.C.App. at 36, 681 S.E.2d at 471 ("As we read the complaint, the allegations of which must be taken as true given the procedural posture in which this case has come before us, Plaintiffs have alleged that they first learned that Defendant knew that the property was located in an SFHA prior to the closing and failed to disclose that information to Plaintiffs until Carpenter's 11 May 2006 deposition. As a result, the allegations of the complaint indicate that Plaintiffs' causes of action for fraud and negligent misrepresentation against Defendant did not accrue until that date. Thus, the allegations of the Complaint do not establish that Plaintiffs' claims for negligent misrepresentation and fraud are time-barred").

The undersigned will therefore recommend that the Motion to Dismiss, to the extent it seeks dismissal of the Subject Plaintiffs' federal claims and

---

alleged abuse by the priest in question put the plaintiff on inquiry notice that the Diocese's previous representations regarding the plaintiff's safety may have been false. See Doe, 242 N.C.App. at 544. Here, the removal of Plaintiffs' children was consistent with Defendants' alleged representations when the CVAs were signed.

their state law claims of fraud, constructive fraud, and negligent misrepresentation, be denied.

### b. Remaining State Law Claims

With respect to the Subject Plaintiffs' remaining state law claims, as discussed above, the North Carolina common law rule provides that these claims accrued "at the time the injury occurs[,]...even when the injured party is unaware that the injury exists[.]" Pembee Mfg. Corp., 313 N.C. at 492, 329 S.E.2d at 353; Scott & Jones, Inc., 196 N.C.App. at 297-298, 677 S.E.2d at 853.

Pursuant to this rule, the injury for each respective Subject Plaintiff occurred at the time they executed the CVA relevant to their claims (regardless of when Plaintiffs learned of the injury), and therefore these claims accrued, and the three-year statute of limitations began to run, on that date.[9]

In a footnote, Plaintiffs also contend that "[t]he related doctrine of equitable tolling applies." Doc. 15 at 7 n. 4.[10] "Equitable tolling applies only in

---

[9] The undersigned previously concluded that the continuing wrong doctrine did not apply in a related action. See Stephanie Godbold, by and through her Guardian, Teresa Holloway v. Cherokee County, et al., United States District Court, Western District of North Carolina, No. 1:20cv00202-MR-WCM ("Godbold"), Doc. 12 at 8 ("the act of using the CVA to separate Plaintiff and her child is a single wrong that occurred on the date the CVA was signed"). On March 29, 2021, the District Court accepted the undersigned's recommendation after considering Plaintiffs' objections. Godbold, Doc. 15. During the January 27, 2021 hearing, counsel confirmed that their arguments regarding the continuing wrong doctrine here are not materially different from those asserted in Godbold.

[10] Defendants do not address this argument in their reply brief. Further, during the January 27, 2021 hearing, counsel for Plaintiffs stated that there was no issue of

"those rare instances where—due to circumstances external to the [Plaintiffs']

own conduct—it would be unconscionable to enforce the limitation against the

[Plaintiffs]." <u>Land v. Green Tree Servicing, LLC</u>, 140 F.Supp.3d 539, 547

(D.S.C. 2015) (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir.2000))

(alternations in <u>Land</u>). The doctrine of equitable tolling has been applied when

a plaintiff was prevented from asserting his or her claims by a defendant's

wrongful conduct or when extraordinary circumstances beyond a plaintiff's

control made it impossible for the plaintiff to file his or her claims on time.

<u>Harris</u>, 209 F.3d at 330; <u>see also</u> <u>Jordan v. Crew</u>, 125 N.C.App. 712, 720, 482

S.E.2d 735, 740 (1997) ("In order for equitable estoppel to bar application of

the statute of limitations, a plaintiff must have been induced to delay filing of

the action by the misrepresentations of the defendant"); <u>Jackson v. Minnesota</u>

<u>Life Ins. Co.</u>, 275 F.Supp.3d 712, 729 (E.D.N.C. 2017) ("Not just any delay,

however, will do. Rather, the plaintiff must allege that relying upon the

misrepresentation prevented them from timely filing [the] action") (internal

quotations omitted).

 Here, although Plaintiffs have alleged that Defendants misrepresented

the legality of their actions, Plaintiffs have not alleged that it was impossible

---

"subsequent tolling" in this case. Nonetheless, the undersigned has considered
Plaintiffs' equitable tolling assertion as set forth in their briefing.

for them to file suit earlier or that they were otherwise prevented from filing suit.

The undersigned will therefore recommend that the Subject Plaintiffs' state law claims of negligence; gross negligence; negligent hiring, retention, and supervision; grossly negligent hiring, retention, and supervision; negligent supervision; grossly negligent supervision; and civil obstruction of justice be dismissed as time barred. See e.g. Johnson v. Rominger, 5:21-cv-00008-MR, 2021 WL 982340, at *2 (W.D.N.C. March 16, 2021) ("the Court will dismiss this action with prejudice because it is barred by the statute of limitations").

## IV. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss Second Amended Complaint (Doc. 11); be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the claims of Wade Walters be dismissed without prejudice;

2. That the state law claims for negligence; gross negligence; negligent hiring, retention, and supervision; grossly negligent hiring, retention, and supervision; negligent supervision; grossly negligent supervision; and civil obstruction of justice asserted by Jamie Allen and Melanie Dyer; Hannah Allen and Desmond Champagne; Caine Burnette; Nathan Davenport and Melanie Dyer; Nathan Davenport and Katrina Ledford and their child

Kaitlin Davenport; Sheena Dockery; Tessa Dorsey; Jessica Farquar; Stephen Downey and Sherry Garland; Shalees Greenlee; Libby Helms; Martha Killian; Desiree Reilly and Desean Patterson; Jeremy Silvers and his child Dakota Silvers; Patricia Simonds; Samantha Torres; Amanda Timpson; Kelly Walker; and Cheyenne Spicola be dismissed with prejudice; and

3. That in all other respects, the Motion to Dismiss be denied.

Signed: May 18, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See <u>Thomas v. Arn</u>, 474 U.S. 140, 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).