IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00250-MR-WCM

| | |
|---|---|
| JAMIE ALLEN, MELANIE DYER, ) <br> NATHAN DAVENPORT, KATRINA LEDFORD) <br> AMANDA TIMSON, SAMANTHA TORRES, ) <br> JESSICA FARQUHAR, JEREMY SILVERS, ) <br> LIBBY HELMS, TESSA DORSEY (SIMONS), ) <br> STEPHEN DOWNEY, SHERRY GARLAND, ) <br> REGINA MANEY, TIENDA ROSE PHILLIPS, ) <br> STEPHEN ASHE, SARAH CRAPSE, ) <br> KELLEY WALKER, SHEENA DOCKERY, ) <br> CAINE BURNETTE, DESIREE REILLY, ) <br> SHALEES GREENELEE, ) <br> DESEAN AMIR PATTERSON, ) <br> MARTHA KILLIAN, DESMOND ) <br> CHAMPAGNE, ) <br> HANNAH ALLEN, PATRICIA SIMONDS, ) <br> **P.A.**, by and through guardian ad litem ) <br> Joy McIver, **G.A.**, by and through guardian ) <br> ad litem Joy McIver, **J.A.**, by and through ) <br> guardian ad litem Joy McIver, **M.D.**, by and ) <br> through guardian ad litem Joy McIver, ) <br> **C.D.**, by and through guardian ad litem ) <br> Joy McIver, **K.D.**, by and through guardian ) <br> ad litem Joy McIver, **C.A.**, by and through ) <br> guardian ad litem Joy McIver, **L.T.**, by ) <br> and through guardian ad litem Joy ) <br> McIver, **A.D.**, by and through guardian ) <br> ad litem Joy McIver, **M.C.**, by and ) <br> through guardian ad litem Joy McIver, ) <br> **A.C.**, by and through guardian ad litem ) <br> Joy McIver, **J.S.**, by and through ) <br> guardian ad litem Joy McIver, ) <br> **S.W.**, by and through guardian ad litem ) <br> Joy McIver, **V.W.**, by and through ) <br> guardian ad litem Joy McIver, ) <br> **J.D.**, by and through guardian ad litem ) <br> Joy McIver, **A.R.**, by and through guardian ) | ORDER |

ad litem Joy McIver, **J.B.**, by and through guardian ad litem Joy McIver, **D.S.**, by and through guardian ad litem Joy McIver, **A.H.**, by and through guardian ad litem Joy McIver, **J.H.**, by and through guardian ad litem Joy McIver, **C.L.**, by and through guardian ad litem Joy McIver, **K.L.**, by and through guardian ad litem Joy McIver, **L.R.**, by and through guardian ad litem Joy McIver, **Z.A.**, by and through guardian ad litem Joy McIver, **E.M.**, by and through guardian ad litem Joy McIver, **P.M.**, by and through guardian ad litem Joy McIver, **Z.B.**, by and through guardian ad litem Joy McIver, **A.B.**, by and through guardian ad litem Joy McIver, **T.P.**, by and through guardian ad litem Joy McIver, **Da.P.**, by and through guardian ad litemJoy McIver, **De.P.**, by and through guardian ad litem Joy McIver, **B.S.**, by and through guardian ad litem Joy McIver, **Dam.W.**, by and through guardian ad litem Joy McIver, **Dar.W.**, by and through guardian ad litem Joy McIver, **ERNIE CARTER**,**CHEYENNE SPICOLA**, **J.G.**, by and through guardian ad litem Joy McIver, **T.G.**, by and through guardian ad litem Joy McIver, **K.C.**, by and through guardian ad litem Joy McIver, **M.C.**, by and through guardian ad litem Joy McIver,

               Plaintiffs,

   v.

**CHEROKEE COUNTY, NC**
**SCOTT LINDSAY**, in his official capacity as DSS Attorney for Cherokee County,
**SCOTT LINDSAY**, in his individual capacity,
**CINDY PALMER**, in her official capacity as Director of DSS in Cherokee County,

| | )|
|---|---|
| **CINDY PALMER**, in her individual capacity, | ) |
| **DONNA CRAWFORD**, in her official | ) |
| capacity asDirector of DSS for | ) |
| Cherokee County, **LISA DAVIS**, in her official | ) |
| capacity of Director of Cherokee County | ) |
| Department of Social Services, | ) |
| | ) |
| **Defendants.** | ) |

This matter is before the Court on a Motion to Sever for Improper Joinder Pursuant to Rules 20 and 21 (the "Motion to Sever," Doc. 13) that has been referred to the undersigned pursuant to 28 U.S.C. § 636.

I. Procedural Background

As described more fully in the undersigned's Memorandum and Recommendation regarding Defendants' Motion to Dismiss Second Amended Complaint (the "Motion to Dismiss," Doc. 11), this matter involves claims by multiple Plaintiffs arising out of the alleged "unlawful taking of minor children by the Defendants" using "a variety of unlawful documents," titled Custody and Visitation Agreements, Powers of Attorney, Family Safety Agreements, Safety Plans, and "other similarly substantive documents and agreements" which Plaintiffs refer to collectively as CVAs. Doc. 9 ¶¶ 1 & 2.

On October 19, 2020, Defendants filed the Motion to Sever. The Motion to Sever is fully briefed, Docs. 14, 16, 17, and a hearing on the Motion was held on January 27, 2021.

## II. Legal Standard

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same, transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> Fed. R. Civ. P. 20(a)(1).

The "transaction or occurrence" requirement set forth in Rule 20 "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding," Advamtel, LLC v. AT&T Corp., 105 F.Supp.2d 507, 514 (E.D. Va. 2000), and is generally analyzed on a case-by-case basis. Slep-Tone Entertainment Corp. v. Mainville, No. 3:11-cv-00122, 2011 WL 4713230, at *4 (W.D.N.C. Oct. 6, 2011). "Absolute identity of all events is not necessary, and the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Advamtel, 105 F.Supp.2d at 514.

"Joinder is not a substantive right; it is a procedural mechanism that allows parties with similar substantive claims to enforce them jointly." Abatemarco v. Legasus of North Carolina, LLC, No. 1:11cv23, 2012 WL

4

13001550, at *2 (W.D.N.C. June 1, 2012) (citing Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983)). Importantly, courts have "wide discretion concerning the permissive joinder of parties" under Rule 20. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007). "Where plaintiffs are improperly joined, the proper remedy is not to dismiss the misjoined parties but rather to sever all misjoined claims." Abatemarco, 2012 WL 13001550, at *2 (citing Grennell v. Western Southern Life Ins. Co., 298 F.Supp.2d 390, 399 (S.D. W. Va. 2004)); Fed. R. Civ. P. 21.

III. Discussion

Here, Defendants contend that severance of the various Plaintiffs' actions is appropriate because each "Plaintiffs' case is distinct from one another in time, social workers involved, and family circumstances…" Doc. 14 at 4. Further, Defendants argue that Plaintiffs' assertions of fraud and misrepresentation will require various "mini-trials" and make joinder particularly inappropriate, and that the "filing of these claims as a single lawsuit when they are in fact separate lawsuits causes more than insignificant inaccuracies in the filing statistics of this District." Id. at 7.

In response, Plaintiffs argue that joinder is proper because Plaintiffs' claims present common questions of law and fact, see Doc. 16 at 4-5, and that judicial efficiency would be served by allowing these claims to proceed in a single matter. Id. at 6. Additionally, Plaintiffs contend that Defendants'

5

current position with respect to severance is disingenuous in light of a previous Consent Motion to Consolidate that was filed by the parties in a separate case. See Hogan v. Cherokee County, et al., United States District Court, Western District of North Carolina, No. 1:18cv96-MR-WCM ("Hogan"), Docs. 45 & 49.[1] Finally, and in the alternative, Plaintiffs request that if their claims are severed, the Court allow Plaintiffs a 90-day period to file new complaints and additionally waive the filing fees for the new suits because "[m]any of the Plaintiffs in this action are indigent." Id. at 9-10.

As the undersigned noted in denying the Consent Motion to Consolidate, Plaintiffs' claims appear to present some common questions of law and fact. See Hogan, Doc. 49 at 7.[2]

"However, 'merely committing the same type of violation in the same way does not link defendants together for the purposes of joinder.'" Slep-Tone, 2011

---

[1] The instant matter was removed after the Consent Motion to Consolidate was filed in Hogan. However, during the hearing on that consolidation motion, the parties orally requested that the instant matter also be consolidated. See Hogan Doc. 49 at 5.

[2] The undersigned denied the Motion to Consolidate as to Hogan in particular based on the procedural stage of that case. See Hogan Doc. 49 at 8 (explaining that Hogan had been pending in this Court since April 2018 and was significantly farther along in its development than the other related cases). The Motion to Consolidate was denied without prejudice to the parties' right to seek consolidation of the Molly Cordell, No. 1:20cv199, Heaven Cordell, No. 1:20cv201, Godbold, No. 1:20cv202, and Allen matters following disposition of a Motion to Dismiss then pending in Godbold and the Motion to Dismiss filed in this matter. Hogan Doc. 49 at 9.

6

WL 4713230, at *4 (quoting <u>LaFace Records, LLC v. Does 1-38</u>, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27, 2008)).

Here, Plaintiffs' claims arise out of different CVAs signed at different times, involving different social workers and families, and resulting in varying outcomes with respect to the ultimate placement of the children. <u>See</u> Doc. 9 at ¶¶ 6-7 (alleging some Plaintiffs never saw their children again while others have "regained possession" of their children following removal); ¶144 ("[t]he names of the documents and the specific mechanics of each used to accomplish the illegal taking of children from the biological parents or lawful court-appointed custodians…has varied through the years").

Additionally, Plaintiffs make varying allegations with respect to what they were told when they signed their CVAs. <u>See</u> Doc. 9 at ¶134 (alleging, for example, that "several parents" were told their children would be placed in foster care and "several parents" were told they would not see their children again if they did not sign the CVA).

Further, Plaintiffs' assertions that they were coerced or under duress when they signed the CVAs, and that Defendants made various misrepresentations to them, are highly fact specific and individualized allegations. <u>See</u> Doc. 9 at ¶¶254-268; 269-278; <u>see also</u> <u>Abatemarco</u>, 2012 WL 13001550, at *3 ("Given the variation in the Plaintiffs' claims, and the uniquely personal nature of the deception claims in particular, each Plaintiff will require

7

a 'mini-trial,' each involving different evidence and testimony. Such a trial would be an 'enormous burden' on the Court and would substantially hinder the fair administration of justice") (quoting Cinetel Films, Inc. v. Does 1-1,052, 853 F.Supp.2d 545, 554 (D.Md. 2012)).

Finally, allowing these claims to proceed as a single action raises administrative concerns. See Abatemarco, 2012 WL 13001550 at *3 ("the filing of these claims as a single lawsuit when they are in fact separate lawsuits causes inaccuracies in the filing statistics of this District," and "the filing of the Plaintiffs' claims as a single action, with the payment of a one-time…filing fee, does little to compensate the Court 'for this significant drain on judicial resources'") (quoting Cine-tel, 853 F.Supp.2d at 554, n. 4)).

Under these circumstances, the undersigned is not convinced that allowing Plaintiffs' claims to proceed in a single action would be appropriate and finds that Plaintiffs' claims should be severed.[3]

---

[3] Severance, however, does not mean that efficiencies in discovery cannot be considered and, in this regard, Defendants represent that if the Motion to Sever is granted, they "will work with counsel for Plaintiffs to consolidate discovery and dispositive motions" in all related cases "to avoid duplicative efforts and overburden the Court with the same dispositive motions." Doc. 14 at 10; see also Doc. 17 at 3 ("If the Defendants' motion is granted, the Defendants would agree to share discovery in the twenty-two separate cases").

In light of the pending Motion to Dismiss, the undersigned does not decide which named Plaintiff(s) should remain as Plaintiff(s) in the instant case following severance.[4]

With respect to Plaintiffs' alternative request that if severance is granted, Plaintiffs be provided a ninety-day period to file their new lawsuits and that the filing fees for those cases be waived, it is not apparent why preparing separate lawsuits would take such a lengthy amount of time. Additionally, the undersigned declines to address the filing fees for the new actions prospectively and globally. Any such requests can be considered individually pursuant to motions filed in the ordinary course and in the individual cases.

Finally, the undersigned has considered whether to defer ruling on the Motion to Sever pending resolution of the Motion to Dismiss by the District Court. This ruling has not been so deferred though, since, because the Motion to Dismiss does not target the claims of all Plaintiffs, a significant number of Plaintiffs will remain even if the Motion to Dismiss were to be granted in its entirety.

---

[4] It appears that Plaintiffs have structured the Second Amended Complaint based on family groups and their CVAs. See Doc. 9 at ¶¶66-86. Associating plaintiffs, both adult and minor, by family unit and CVA strikes the undersigned as a reasonable method of division.

However, considering the administrative challenges that may arise if severance were to occur prior to resolution of the Motion to Dismiss, the undersigned will stay implementation of this ruling pending resolution of the Motion to Dismiss by the District Court, provided though that this stay does not affect the parties' deadline to file any objections to this Order pursuant to Federal Rule of Civil Procedure 72(a).

**IT IS THEREFORE ORDERED** that:

1) The Motion to Sever for Improper Joinder Pursuant to Rules 20 and 21 (Doc. 13) is **GRANTED** and Plaintiffs' claims are **SEVERED**;

2) Severance as ordered herein is **STAYED** pending resolution of the Motion to Dismiss Second Amended Complaint (the "Motion to Dismiss," Doc. 11) by the District Court. Such stay does not, however, affect the parties' deadline to file any objections to this Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure; and

3) Within thirty (30) days of the resolution of the Motion to Dismiss, Plaintiffs may refile their claims as separate lawsuits or seek dismissal of their claims.

Signed: May 18, 2021

W. Carleton Metcalf
United States Magistrate Judge