# Memorandum

**To:** Honorable Martin Reidinger
Chief Judge, United States District Court, Western District of North Carolina

**From:** Anderson D. Cromer, Certified Mediator

**Date:** April 11, 2022

**Note:** This memorandum is provided to the Court under the belief that communicating certain procedural matters, those set out below, will aid the mediation and that this report is expressly allowed pursuant to Standard 3(d)(1) of the Standards for Professional Conduct for Mediators, notwithstanding the confidentiality provisions set out in Standards 3(a), (b), and (c).

**In addition, this memorandum is being drafted at the request of counsel for all parties involved in the series of cases referred to herein as the Cherokee County DSS cases. As such, the parties and their counsel specifically waive any confidentiality requirements as they relate to this disclosure. Also, no statement in this memorandum is to be considered as an expression of opinion about any of the participants or any aspect of the cases as no statement of opinion is being expressed.**

**This Memorandum's sole purpose is to disclose procedures being considered to facilitate the upcoming mediation as referenced in the February 24, 2022, Status Report filed with the Court.**

---

**Report:**

The Parties are meeting to mediate all remaining cases on April 25 and 26, 2022. As the mediator chosen by the parties' attorneys, I have engaged in conversations with counsel for all interested parties in the pending Cherokee County DSS cases over the last several weeks. The parties, through their representatives, have indicated a willingness to consider a global settlement, which provides for a lump-sum settlement of all plaintiffs' claims instead of settling each on a case-by-case basis. In preparation for such settlement negotiations, Plaintiffs' counsel have taken steps to gain the informed consent of their clients, consistent with NC State Bar rules. It is understood that the *Hogan* case will not be part of these global settlement discussions.

If the parties reach a lump-sum settlement, and the global settlement is acceptable to Plaintiffs based on independent legal advice and state bar guidance, a second process will need to be put in place to determine the amount that each plaintiff should receive for their individual claims. Below is a proposed framework for valuing the claims:

** The Court may appoint a special master or allow Plaintiffs to select an independent neutral arbitrator to assign a value to each parent and child's claim. The Plaintiffs may submit both written and live evidence of and present arguments on damages in each case to the special master or arbitrator. It is not envisioned that Defendants will be participating in the second process determination. The special master or arbitrator will assess the evidence and render a decision on the amount of damages each plaintiff should receive, subject to the total amount available in the settlement pool. In other words, the total damages awarded to the plaintiffs as a group cannot exceed the agreed-upon lump-sum settlement paid by the defendants.

** An attorneys' fee of 40% shall be paid to plaintiffs' counsel from each adult plaintiff's claim as this is the amount specified between Plaintiffs' counsel and each adult claimant/plaintiff. The appointed GAL has agreed that attorneys' fees on behalf of her representees shall not exceed 40% and otherwise be subject to Court approval.

** Litigation costs shall be deducted from each plaintiff's claim. Plaintiffs' counsel shall provide documentation of the costs incurred specific to each case to the special master or arbitrator for consideration.

** Notwithstanding the foregoing, any award of damages to a minor plaintiff or other person represented through a GAL or Guardian must be approved by the Court. The attorneys' fees and costs to be deducted from those awards shall also be subject to court approval.

** The defendants shall be responsible for paying the special master or arbitrator's regularly accepted hourly fee and reasonable costs and expenses for his/her work on this matter

**OR**

The plaintiffs shall be responsible jointly and severally for paying the special master or arbitrator's regularly accepted hourly fee and reasonable costs and expenses for his/her work in this matter.

** It is anticipated that special needs trusts, other trusts, and Clerk of Court involvement may be required during the second phase of the process based on further legal guidance.