IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00250-MR-WCM

| | |
|---|---|
| PATRICIA SIMONDS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Consent Motion to Seal Settlement Documents and Exhibits [Doc. 58].

The parties move the Court for leave to allow the Plaintiffs to file sealed motions and settlement documents for the approval of minor settlements in this case. For grounds, the parties state that these documents provide personal and sensitive information regarding the minor Plaintiffs. [Doc. 58].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 255-56 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The parties filed their motion on November 30, 2022, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the subject motions and settlement documents contain personal information regarding the minor Plaintiffs, and that the public's right of access to such information is substantially

outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these motions is narrowly tailored to serve the interest of protecting both the minor Plaintiffs' privacy and the confidentiality of the minor Plaintiffs' information.

**IT IS, THEREFORE, ORDERED** that the Consent Motion to Seal [Doc. 58] is **GRANTED**, and the Motions for Approval of Settlement Agreement and Acceptance of the Special Masters' Report and Acceptance of Award or Allocation shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: December 20, 2022

Martin Reidinger
Chief United States District Judge

3

Case 1:20-cv-00250-MR-WCM   Document 93   Filed 12/20/22   Page 3 of 3