UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00250-MR-WCM

| | |
|---|---|
| PATRICIA SIMONDS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CHEROKEE COUNTY, et al, ) <br> ) <br> Defendants. ) <br> ) <br> ) | **ORDER APPROVING <br> CREATION OF TRUST** <br> (A.D.) |

**THIS MATTER** is before the Court on the Petition for Creation of Trust [Doc. 88] filed pursuant to N.C. Gen. Stat. § 36C-4-401(4), N.C. Gen. Stat. § 36C-4-401.2, and the Court's inherent authority by the Plaintiff, A.D.[1] ("Plaintiff"), who is a minor child appearing by and through Joy McIver as appointed Guardian ad Litem.

The Plaintiff seeks creation of a trust to receive all settlement proceeds that may become payable for the benefit of the Plaintiff by reason of the

---

[1] The minor child's full name is included in the proposed trust document, but has been redacted for purposes of this public filing.

settlement of the claims asserted in the "Cherokee County DSS Cases."[2] The Court has considered the Petition and the proposed Settlement Preservation Trust ("the Trust"), which was attached as an exhibit to the Petition [Doc. 88-23], as well as the Plaintiff's supporting Memorandum of Law [Doc. 88-26], and the written report of the Guardian ad Litem [Doc. 82]. The Court has further heard argument from Plaintiff's counsel, and has entered in the record the statements of the Guardian ad Litem and Brian T. Lawler, the proposed Trustee, that the Trust is in the best interests of the Plaintiff. The Defendants do not oppose the creation of the Trust as proposed, and no other family member or interested person appearing before the Court has entered any objection.

Based on the information before the Court, the Court makes the following **FINDINGS OF FACT**:

1. A.D. is a Plaintiff in Civil Action No. 1:21-cv-296, which has been consolidated under the instant case caption for purposes of settlement.

---

[2] Twenty-two (2) cases have been consolidated for the purposes of settlement, pursuant to the Court's Order entered on September 1, 2022 (collectively, "the Cherokee County DSS Cases"). [Doc. 51]. See Simonds v. Cherokee County, NC, 1:20-cv-250-MR-WCM (designated as lead case), consolidated with 1:21-cv-00274, 1:21-cv-00276, 1:21-cv-00277, 1:21-cv-00278, 1:21-cv-00280, 1:21-cv-00281, 1:21-cv-00282, 1:21-cv-00283, 1:21-cv-00284, 1:21-cv-00285, 1:21-cv-00286, 1:21-cv-00287, 1:21-cv-00288, 1:21-cv-00289, 1:21-cv-00290, 1:21-cv-00292, 1:21-cv-00293, 1:21-cv-00294, 1:21-cv-00295, 1:21-cv00296, and 1:21-cv-00297.

2

Case 1:20-cv-00250-MR-WCM   Document 117   Filed 02/03/23   Page 2 of 9

2. The parties have agreed to settle the Plaintiff's claims, and the Court, by way of a separate Order, has approved the parties' Settlement Agreement.

3. Pursuant to the Settlement Agreement, the Plaintiff is entitled to receipt of certain monetary amounts ("the Settlement Proceeds").

4. The Plaintiff, by reason of minority, is not able to receive direct payment of the Settlement Proceeds.

5. The Plaintiff, by reason of minority, is not able to act as the settlor or grantor of any trust.

6. The Guardian ad Litem has submitted an Affidavit recommending, in part, that payment of Settlement Proceeds into a trust for the benefit of the Plaintiff is in the Plaintiff's best interests [Doc. 82: GAL Aff. at ¶¶ 65-66], and that the Plaintiff would benefit from a discretionary trust that would allow for distributions for their medical, therapeutic, travel, and enrichment expenses and also allow the Plaintiff to request distributions at the age intervals of 18, 21, and 25 [id. at ¶ 68].

7. The Trust is irrevocable, with two categories of permissible distributions. First, the Trustee has discretion to make any

distributions of principal or income for the benefit of the Plaintiff that the Trustee, in consultation with the Trust Advisor, determines. [Ex. A: Trust at 2, ¶ IV.B. and Schedule C]. Second, the Plaintiff has the power to request distributions at certain intervals: (1) five thousand dollars at age eighteen; (2) fifteen thousand dollars at age twenty-one; (3) thirty thousand dollars at age twenty-five; (4) and the entire remaining trust principal at age thirty. [Id. at 2, ¶ IV.A. and Schedule B].

8. The Trust offers the Plaintiff the option to keep the Settlement Proceeds in the Trust after the age of thirty, if the Plaintiff so chooses at that time. The Trust also calls for a Trust Advocate, who is an adult with specific knowledge of the Plaintiff's circumstances, to assist with advocacy on behalf of the Plaintiff as well as to receive accountings from the Trustee. [See id. at 9, ¶ VII.]. It further requires the Trustee to maintain regular contact with the Plaintiff and Trust Advocate. [See id. at 5, ¶ VI.E.].

9. If a Trust is not created, a court-ordered guardianship estate would need to be created for the Plaintiff. In addition to the legal expense associated with creating the guardianship, there would

be ongoing expenses associated with complex, court-supervised accountings, bonding, the requirement to petition the Court for approval before any of the principal funds could be distributed, and a requirement that the funds be distributed outright and the guardianship terminated upon the Plaintiff's eighteenth (18th) birthday. Alternatively, the Settlement Proceeds would either be held by the Clerk of Court and distributed to the Plaintiff at age eighteen.

10. Creation of a Trust to receive the Settlement Proceeds will avoid the inefficiencies and costs of guardianship, require professional administration and investment of the funds, allow for efficient distribution of the funds, afford protection and management of the funds beyond the beneficiary's eighteenth birthday, and provide support and guidance as the beneficiary matures to be able to responsibly manage significant sums of money, while allow the beneficiary to opportunities to begin to exercise financial independence over some of the funds as early as the beneficiary's eighteenth birthday.

11. The Guardian ad Litem has recommended that Brian T. Lawler serve as the Trustee of the Trust. Mr. Lawler is a North Carolina

licensed attorney with the law firm of Van Winkle, Buck, Wall, Starnes & Davis, P.A. in Asheville, North Carolina. He focuses his practice in the areas of Elder and Special Needs law, and he is knowledgeable about the requirements of administering a Trust. Mr. Lawler also has a background in social work that will assist with promoting the Plaintiff's engagement, and he has agreed to be available for communication, and consultation to assist the Plaintiff in developing self-advocacy where appropriate. [See Doc. 82: GAL Aff. at ¶ 70].

12. Mr. Lawler's compensation for Trustee services is fully set forth in the proposed trust documents, and will generally be an "amount equal to eight-tenths of one percent (.8%) of Trust assets at the end of the accounting year as determined by the Trustee, with a minimum amount of $3,500.00 paid per year." [Ex. A: Trust at 8].

Based on the foregoing Findings of Fact, the Court enters the following **CONCLUSIONS OF LAW**:

1. The Court has jurisdiction over the subject matter of this Petition and personal jurisdiction over the parties to this action.

2. This Court has the inherent authority to exercise its discretion to create the proposed Trust for the protection of the Plaintiff. In a case involving a minor, the Court has discretion to protect those who come in front of it. "In general, infant[s] and other incompetent parties are wards of any court called upon to measure and weigh their interests. As a result, [i]t has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests. This duty is intended to protect those who may be especially vulnerable to manipulation or who may be unable to protect themselves." In re Abrams & Abrams, P.A., 605 F.3d 238, 243 (4th Cir. 2010) (internal quotations and citations omitted).

3. The Court's duty to protect infants includes the authority to order that the Plaintiff's damages or settlement should be paid in the form of a trust if the Court concludes that a trust is in the best interests of the Plaintiff.

4. Under North Carolina law, a court may create a trust "by judgment, order, or decree." N.C. Gen. Stat. § 36C-4-401(4). Such a trust may be created by a court upon the petition of an

interested party or in any other matter properly before the court. See N.C. Gen. Stat. § 36C-4-401.2.

5. The Plaintiff, acting by and through the Guardian ad Litem, is an interested party pursuant to N.C. Gen. Stat. § 36C-4-401.2.

6. This action, and all of the Consolidated Cherokee County DSS Cases, are properly before the Court.

7. Brian T. Lawler is an appropriate candidate to serve as Trustee of the Trust.

8. Creation of the Trust by the Court is in the best interests of the Plaintiff.

9. The Trust should be created with the terms and provisions as set forth in in the Trust document, which is attached hereto as Exhibit A and incorporated herein by reference.

Based upon the foregoing Findings of Fact and Conclusions of Law,

**IT IS, THEREFORE ORDERED**:

1. The Plaintiff's Petition to Create Trust [Doc. 88] is **GRANTED**, and a Settlement Preservation Trust is hereby established and created for the benefit of the Plaintiff with the terms and provisions as set forth in the Trust document attached hereto as

Exhibit A, the terms of which are incorporated herein by reference.

2. The Trust shall be funded with any and all Settlement Proceeds that become payable for the benefit of the Plaintiff, pursuant to the Court's Order approving the settlement agreement in this action, said proceeds to be paid to Brian T. Lawler in his capacity as Trustee of the Trust.

3. The terms of the Trust as established and created by virtue of this Order are binding on the Trust, any and all Trustees of the Trust, and any and all beneficiaries or potential beneficiaries of the Trust, and all other parties interested in the Trust's administration.

**IT IS SO ORDERED.**

Signed: February 3, 2023

Martin Reidinger
Chief United States District Judge