UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00250-MR-WCM

| | |
|---|---|
| PATRICIA SIMONDS, et al., ) ) Plaintiffs, ) ) vs. ) ) CHEROKEE COUNTY, et al, ) ) Defendants. ) ) ) | **ORDER APPROVING CREATION OF DAKODA SILVERS (d)(4)(A) TRUST** |

**THIS MATTER** is before the Court on the Petition for Creation of Trust [Doc. 88] filed pursuant to 42 U.S.C. § 1396p(d)(4)(A), N.C. Gen. Stat. § 36C-4-401(4), and N.C. Gen. Stat. § 36C-4-401.2 by the Plaintiff, Dakoda Silvers ("Plaintiff"), who is an incompetent adult[1] appearing by and through Joy McIver as appointed Guardian ad Litem (see Order 12/05/22 [Doc. 68]).

The Plaintiff seeks creation of a trust to receive all settlement proceeds that may become payable for the benefit of the Plaintiff by reason of the

---

[1] Dakoda Silvers has been adjudicated an incompetent adult by the Cherokee County Clerk of Superior Court. [Doc. 57-2].

settlement of the claims asserted in the "Cherokee County DSS Cases."[2] The Court has considered the Petition and the proposed Special Needs Trust ("the Trust"), which was attached as an exhibit to the Petition [Doc. 88-5], the Plaintiff's supporting Memorandum of Law [Doc. 88-26], and the written report of the Guardian ad Litem [Doc. 82]. The Court has further heard argument from Plaintiff's counsel, and has entered in the record the statements of the Guardian ad Litem and Brian T. Lawler, the proposed Trustee, that the Trust is in the best interests of the Plaintiff. The Defendants do not oppose the creation of the Trust as proposed, and no other family member or interested person appearing before the Court has entered any objection.

Based on the information before the Court, the Court makes the following **FINDINGS OF FACT:**

---

[2] Twenty-two (2) cases have been consolidated for the purposes of settlement, pursuant to the Court's Order entered on September 1, 2022 (collectively, "the Cherokee County DSS Cases"). [Doc. 51]. See Simonds v. Cherokee County, NC, 1:20-cv-250-MR-WCM (designated as lead case), consolidated with 1:21-cv-00274, 1:21-cv-00276, 1:21-cv-00277, 1:21-cv-00278, 1:21-cv-00280, 1:21-cv-00281, 1:21-cv-00282, 1:21-cv-00283, 1:21-cv-00284, 1:21-cv-00285, 1:21-cv-00286, 1:21-cv-00287, 1:21-cv-00288, 1:21-cv-00289, 1:21-cv-00290, 1:21-cv-00292, 1:21-cv-00293, 1:21-cv-00294, 1:21-cv-00295, 1:21-cv00296, and 1:21-cv-00297.

1. Dakoda Silvers is a Plaintiff in Civil Action No. 1:21-cv-280, which has been consolidated under the instant case caption for purposes of settlement.

2. The parties have agreed to settle the Plaintiff's claims, and the Court, by way of a separate Order, has approved the parties' Settlement Agreement.

3. Pursuant to the Settlement Agreement, the Plaintiff is entitled to receipt of certain monetary amounts ("the Settlement Proceeds").

4. Dakoda Silvers is an adult who has been adjudicated incompetent by the Cherokee County Clerk of Superior Court. [See Doc. 57-2: Adjudication Order; Doc. 82: GAL Aff. at ¶¶ 41, 67].

5. The Plaintiff, by reason of incompetency, lacks the requisite mental capacity to act as the settlor of the Trust.

6. The Plaintiff, by reason of incompetency, is unable to receive direct payment of the Settlement Proceeds, and no Guardian of the Estate, Conservator, or like fiduciary has been appointed for the Plaintiff.

7. The Guardian ad Litem has submitted an Affidavit recommending, in part, that payment of the Settlement Proceeds into a trust for the benefit of the Plaintiff is in the Plaintiff's best interests, [see Doc. 82: GAL Aff. at ¶¶ 65-66], and that the Plaintiff would benefit from a trust created pursuant to 42 U.S.C. § 1396p(d)(4)(A) ("Special Needs Trust" or "(d)(4)(A) Trust"), [see id. at ¶ 67].

8. The Trust is irrevocable, all distributions are discretionary with the Trustee, and the Plaintiff will have no rights to direct distributions or revoke the trust. Discretionary distributions can be made for the purpose of the Plaintiff's health, safety, and welfare, when these requisites are not otherwise provided for by a governmental agency or other public or private source. [See Ex. A: Trust at 2, ¶ II.B.a.]. The Trust provides for a Trust Advocate, who is an adult with specific knowledge of the Plaintiff's individual circumstances and who can communicate the beneficiary's needs to the Trustee on behalf of the beneficiary. [See id. at 9, ¶ V.]. It further requires the Trustee to maintain regular contact with the Plaintiff and Trust Advocate. [See id. at 4, ¶ II.E.].

9. As required by 42 U.S.C § 1396p(d)(4)(a), the Trust contains a provision mandating that any funds remaining at the Plaintiff's death be used to pay back Medicaid for funds expended on the Plaintiff's behalf. [See id. at 4-5, ¶¶ II.G.b.]. Any funds remaining after Medicaid has been paid, will be used to pay the expenses of the Plaintiff's final illness, funeral and burial costs, and enforceable debts, and then will be distributed either pursuant to a power of appointment that may be exercised by the Plaintiff, or if none then to Plaintiff's descendants, per stirpes, or to Plaintiff's intestate heirs. [See id. at 5, ¶ II.G.c.].

10. If the Trust is not created, a court-ordered guardianship estate would need to be created for the Plaintiff as an incompetent adult. In addition to the legal expense associated with creating the guardianship, there would be ongoing expenses associated with complex, court-supervised accountings, the requirement to petition the Court for approval before any of the principal funds could be distributed, and the risk that Plaintiff could lose important present or future governmental benefits if the Settlement Proceeds are deemed to be "resources" or "income"

5

Case 1:20-cv-00250-MR-WCM   Document 119   Filed 02/03/23   Page 5 of 11

countable to the Plaintiff for purposes of the Plaintiff's present or future eligibility for Medicaid or Supplemental Security Income.

11. By contrast, any settlement proceeds placed into a Special Needs Trust that meets the requirements of 42 U.S.C. § 1396p(d)(4)(A) will not be considered as resources or income of the Plaintiff, and as such will not impact the Plaintiff's eligibility for means-tested Social Security or Medicaid benefits. <u>See</u> 42 U.S.C. § 1396p(d)(4)(A). The Trustee will have a duty to annually account to the Plaintiff's legal guardian and Trust Advocate, (<u>see</u> N.C. Gen. Stat. § 36C-8-813(b)(2); Trust at 10, ¶ VI. D.), but this duty can be discharged with less formality, and thereby less expense, than court-ordered guardianship accountings, and this cost savings benefits the Plaintiff. The Trustee will have greater discretion in how to distribute the funds of the Special Needs Trust for the benefit of the Plaintiff than would be allowed under a guardianship estate without court order.

12. The Guardian ad Litem has recommended that Brian T. Lawler serve as the Trustee of the Trust. Mr. Lawler is a North Carolina licensed attorney with the law firm of Van Winkle, Buck, Wall,

Starnes & Davis, P.A. in Asheville, North Carolina. He focuses his practice in the areas of Elder and Special Needs law, and he is knowledgeable about the requirements of administering a Special Needs Trust under 42 U.S.C. § 1396p(d)(4)(a).

13. Mr. Lawler's compensation for Trustee services is fully set forth in the proposed trust documents, and will generally be an "amount equal to eight-tenths of one percent (.8%) of Trust assets at the end of the accounting year as determined by the Trustee, with a minimum amount of $3,500.00 paid per year." [Ex. A: Trust at 6-7].

Based on the foregoing Findings of Fact, the Court enters the following

**CONCLUSIONS OF LAW**:

1. The Court has jurisdiction over the subject matter of this Petition and personal jurisdiction over the parties to this action.

2. The Plaintiff is a disabled person under the age of 65, as defined in 42 U.S.C. § 1382c(a)(3)(A), and has been adjudicated to be an incompetent adult.

3. This Court has the inherent authority to exercise its discretion to create the proposed Trust for the protection of the Plaintiff. In a case involving an incompetent individual, the Court has

discretion to protect those who come in front of it. "In general, infant[s] and other incompetent parties are wards of any court called upon to measure and weigh their interests. As a result, [i]t has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests. This duty is intended to protect those who may be especially vulnerable to manipulation or who may be unable to protect themselves." In re Abrams & Abrams, P.A., 605 F.3d 238, 243 (4th Cir. 2010) (internal quotations and citations omitted).

4. The Court's duty to protect incompetent adults includes the authority to order that the Plaintiff's damages or settlement should be paid in the form of a trust if the Court concludes that a trust is in the best interests of the Plaintiff. See Arnold v. National Cas. Co., C.A. No. 11-0009, 2015 WL 3971224 at *11 (W.D. La. June 29, 2015) (unpublished); see also Unum Life Ins. Co. of Am. v. Brookshire, No. 4:15-cv-01226-RBH-KDW, 2016 WL 11410284, at *5 (D.S.C. Apr. 27, 2016) (unpublished) (citing multiple cases affirming the authority of federal district courts to create special needs trusts under 42 U.S.C. § 1396p(d)(4)(A) on behalf of disabled adults who lack sufficient mental capacity to

8

create the trust to receive settlement proceeds while preserving government means-tested benefits).

5. Under North Carolina law, a court may create a trust "by judgment, order, or decree, including the establishment of a trust pursuant to section 1396p(d)(4) of Title 42 of the United States Code." N.C. Gen. Stat. § 36C-4-401(4). Such a trust, including one created pursuant to 42 U.S.C. § 1396p(d)(4), may be created by a court upon the petition of an interested party or in any other matter properly before the court. See N.C. Gen. Stat. § 36C-4-401.2.

6. Federal law also sanctions the creation of Special Needs Trusts by federal district courts. See 42 U.S.C. § 1396p(d)(4)(A) (providing for trust to be established by courts, among other possible grantors); accord Sadler v. Greenville Indep. School Distr., No. 3:19-CV-1551-X (BH), 2021 WL 3573655, at *3 (N.D. Tex. Jul. 19, 2021) (quoting Arnold, 2015 WL 3971224 at *13) (unpublished).

7. The Plaintiff, acting by and through the Guardian ad Litem, is an interested party pursuant to N.C. Gen. Stat. § 36C-4-401.2.

8. This action, and all of the Consolidated Cherokee County DSS Cases, are properly before the Court.

9. Brian T. Lawler is an appropriate candidate to serve as Trustee of the Trust.

10. Creation of the Trust by the Court is in the best interests of the Plaintiff.

11. The Trust should be created with the terms and provisions as set forth in in the Trust document, which is attached hereto as Exhibit A and incorporated herein by reference.

Based upon the foregoing Findings of Fact and Conclusions of Law, **IT IS, THEREFORE, ORDERED**:

1. The Plaintiff's Petition to Create Trust [Doc. 88] is **GRANTED**, and the Dakoda Silvers (d)(4)(A) Trust (a Special Needs Trust) is hereby established and created for the benefit of the Plaintiff with the terms and provisions as set forth in the Trust document attached hereto as Exhibit A, the terms of which are incorporated herein by reference.

2. The Trust shall be funded with any and all Settlement Proceeds that become payable for the benefit of the Plaintiff, pursuant to the Court's Order approving the settlement agreement in this

action, said proceeds to be paid to Brian T. Lawler in his capacity as Trustee of the Trust.

3. The terms of the Trust as established and created by virtue of this Order are binding on the Trust, any and all Trustees of the Trust, and any and all beneficiaries or potential beneficiaries of the Trust, and all other parties interested in the Trust's administration.

**IT IS SO ORDERED.**

Signed: February 3, 2023

Martin Reidinger
Chief United States District Judge