# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00250-MR-WCM

| | |
|---|---|
| **PATRICIA SIMONDS, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **CHEROKEE COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiffs' Consent Motion to Seal [Doc. 146].

The Plaintiffs move the Court for leave to file under seal the Status Report to the Court [Doc. 137], certain state trial transcripts [Docs. 139, 140, 141, 142, 143], and an unlabeled exhibit related to those transcripts [Doc. 145]. For grounds, counsel states that these documents contain information regarding the settlement amounts paid to particular Plaintiffs in this action, including minors and incompetent adults. [Doc. 146]. The Defendants do not oppose the Plaintiffs' Motion.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  Id. at 255-56 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested Plaintiffs a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' motion.  The Plaintiffs filed their motion on August 5, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time.  Further, the

Plaintiffs have demonstrated that the subject documents reference settlement distributions which were previously sealed from public disclosure, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure at this time.

The Court now considers whether there are less drastic alternatives to sealing the documents. With respect to the Status Report [Doc. 137], the Court concludes that sealing of this report is narrowly tailored to serve the interest of protecting the confidentiality of the settlement distributions. A problem arises, however, with the five volumes of state court transcripts filed by the Plaintiffs and the related exhibit thereto. [Docs. 139, 140, 141, 142, 143, 145]. These transcripts relate to the state criminal prosecution of Defendant Scott Lindsay. The Plaintiffs rely on these transcripts in an effort to show that Mr. Lindsay's defense counsel improperly elicited testimony from various witnesses during the criminal trial about the amount of settlement proceeds that they and/or their children received in this civil litigation, in violation of this Court's Orders sealing the settlement information. In an effort to pinpoint the specific pages of the transcripts that support their contention, the Plaintiffs submitted the unlabeled exhibit [Doc. 145], which purports to identify the specific pages of the transcripts where

3

this testimony can be found. Some of the page numbers referenced in Document 145, however, do not correspond to the transcripts provided. Further, Document 145 references the testimony of Tienda Phillips and Kelly Walker, but the testimony of these witnesses is not contained in the transcripts that were filed.[1] As such, the Court finds that the Plaintiffs have failed to identify with sufficient specificity the applicable portions of the transcripts sought to be sealed. Without such information, the Court is unable to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access.

In order to address these issues, the Court will deny without prejudice the Plaintiffs' Motion to Seal with respect to the transcripts [Docs. 139, 140, 141, 142, 143] and the related exhibit [Doc. 145]. The Court will allow the Plaintiffs the opportunity to withdraw Document 145 and refile the same in a manner which clearly and specifically identifies the ECF Document Number and Page at which the relevant excerpts of testimony can be found. The Court will further allow the Plaintiffs the opportunity to file any additional transcripts, revised or otherwise, to the extent that the testimony upon which they rely is not contained in the transcripts as filed.

---

[1] Document 145 makes reference to Ms. Phillips' testimony being in "Revised vol 4 of 5 uploaded on 8/2/24." [Doc. 145 at 5]. However, no such revised volume was filed with this Court on that date.

When refiling these documents, the Plaintiffs' counsel should be cognizant of the fact that wholesale sealing of these documents does not appear to be warranted. Only those portions of the transcripts which identify the names of minors and the particular settlement distributions such minors may have received appear to warrant sealing. Therefore, in renewing their motion to seal, the Plaintiffs will be required to file on the public docket a redacted version of those transcripts, specifically redacting any names of minors and any particular settlement distributions such minors may have received included therein.

In the event that the Plaintiffs refile a version of Document 145, such document should reference only the witnesses' names, the ECF Document Number and the relevant page numbers of the transcripts cited. Filing the document in this manner will likely avoid the necessity of any renewed motion to seal with respect to this document.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Consent Motion to Seal [Doc. 146] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Seal [Doc. 146] is **GRANTED** with respect to the Status Report [Doc. 137], and that document shall remain under seal until further Order of this Court. The Motion [Doc. 146] is **DENIED WITHOUT PREJUDICE** with respect to Documents 139, 140, 141, 142, 143, and 145. Counsel shall have

5

Case 1:20-cv-00250-MR-WCM   Document 147   Filed 08/08/24   Page 5 of 6

seven (7) days within which to renew their motion to seal, file a revised version of Document 145, and file any additional transcripts, as necessary.

**IT IS SO ORDERED.**

Signed: August 7, 2024

Martin Reidinger
Chief United States District Judge