IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00250-MR-WCM

| | |
|---|---|
| **PATRICIA SIMONDS, et al.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **CHEROKEE COUNTY, et al.,** ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Consent Motion to Seal. [Doc. 151].

The parties move the Court for leave to allow the Plaintiffs to file under seal the transcripts [Doc. 149] of the Defendant Scott Lindsay's criminal trial. For grounds, the parties state that these transcripts reference the names of minor and incompetent Plaintiffs, as well as settlement information of adult, minor, and incompetent Plaintiffs, information which previously has been sealed by the Court. The parties have presented a redacted version of these transcripts for filing on the public docket. [Doc. 150].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records

filed in civil and criminal proceedings.  Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  Id. at 255-56 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion.  The parties filed their motion on August 14, 2024, and it has been accessible to the public through

the Court's electronic case filing system since that time. Further, the parties have demonstrated that the subject transcripts reference the names of minor and incompetent Plaintiffs, as well as settlement information of adult, minor, and incompetent Plaintiffs, which information previously has been sealed by the Court, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these transcripts and the filing of redacted versions thereof are narrowly tailored to serve the interest of protecting both the privacy of the minor and incompetent Plaintiffs and the confidentiality of the Plaintiffs' settlement information.

**IT IS, THEREFORE, ORDERED** that the Consent Motion to Seal [Doc. 151] is **GRANTED**, and the transcripts of Defendant Lindsay's criminal trial [Doc. 149] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: October 4, 2024

Martin Reidinger
Chief United States District Judge